# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| GOYKE HEALTH CENTER, P.C.,<br>Individually and as the representative of a class<br>of similarly-situated persons,<br><br>         Plaintiff,<br><br>      v.<br><br>METLIFE, INC. and METLIFE SECURITIES,<br>INC.,<br><br>         Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 

```
FILED:  MAY 9, 2008
08CV 2705 NF
JUDGE CASTILLO
MAGISTRATE JUDGE MASON
```

No.

## NOTICE OF REMOVAL OF A CIVIL ACTION

MetLife, Inc. ("MetLife") and MetLife Securities, Inc. ("MSI") submit the following Notice of Removal of a Civil Action to the United States District Court for the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §§ 1331, 1441 and 1446.

1.      Plaintiff Goyke Health Center, P.C. filed a Class Action Complaint in the Circuit Court of Cook County, Chancery Division, on March 24, 2008 naming MetLife and MSI as Defendants.  (Copies of the summons and Complaint are attached as Exhibits A and B.)

2.      This is a civil action in which the United States District Court has original jurisdiction under the provisions of 28 U.S.C. § 1331.

3.      In the Complaint, Plaintiff seeks damages for violation of the federal Telephone Consumer Protection Act ("TCPA"), 47 USC § 227 (Count I), common-law

conversion (Count II), and for violation of the Illinois Consumer Fraud and Deceptive

Business Practices Act, 815 ILCS 505/2 (Count III).

4.     Although the TCPA states that a person may bring an action under the

statute "in an appropriate court of that State," 47 USC § 227(3), the Seventh Circuit has

also recognized that the TCPA provides a basis for federal question jurisdiction under 28

USC § 1331.  *See Brill v. Countrywide Home Loans*, 427 F.3d 446 (7th Cir. 2005).

5.     In *Brill*, the Seventh Circuit stated that "the proviso that actions may be

filed in state court 'if otherwise permitted by the laws or rules of a State' implies that

federal jurisdiction under § 1331 or § 1332 is available . . . ."  427 F.3d at 451.

6.     Northern District courts have cited *Brill* approvingly in several subsequent

decisions.  *See Benedia v. Super Fair Cellular, Inc.*, 2007 WL 2903175, at *1 (N.D. Ill.

Sept. 26, 2007) (noting that "[i]n *Brill*, the Court concluded that TCPA claims brought in

state court may be removed to federal court under *either* the Class Action Fairness Act

('CAFA') *or* the general removal provision, 28 U.S.C. § 1441(a)" and noting further that

"the Court clearly stated that federal question jurisdiction was also available"); *G.M.

Sign, Inc. v. Franklin Bank, S.S.B.*, 2006 WL 1132386, at **2-3 (N.D. Ill. Apr. 19, 2006)

(noting on plaintiff's motion for remand that plaintiff "points to a number of outside

authorities to support the contention that the TCPA did not create 'arising under'

jurisdiction pursuant to 28 U.S.C. § 1331.  However, *Brill* is the only controlling

authority on the issue, and clearly stands for the notion that federal courts have 'arising

under' jurisdiction over TCPA claims pursuant to 28 U.S.C. § 1331, and that such claims

are thus removable under 28 U.S.C. § 1441"); *Italia Foods v. Marinov Enterprises, Inc.*,

2007 WL 4117626, at *4 (N.D. Ill. Nov. 16, 2007) (noting that "the Seventh Circuit has

expressly concluded that TCPA claims brought in state court may be removed to federal court based upon either diversity or 'arising under' jurisdiction").

7.     Because the state court pleading arises under federal law, it is removable to federal court.  This Court may exercise jurisdiction over the pendent state-court claims pursuant to 28 USC § 1367.

8.     Venue is proper in the Northern District of Illinois based on 28 U.S.C. § 1391(c) in that MSI conducts business in the Northern District of Illinois.

9.     MetLife and MSI state that this notice of removal of a civil action has been filed within thirty days of receipt by the defendants of a copy of the initial pleading setting forth the claim for relief upon which the action or proceeding against them is based.  MetLife and MSI also state that a copy of the Notice of Removal of a Civil Action will be filed in the Circuit Court of Cook County.

WHEREFORE, MetLife and MSI notify this Court that this cause has been removed from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois, pursuant to the provisions of 28 U.S.C. §§ 1331, 1441 and 1446.

Respectfully submitted,

METLIFE, INC. and METLIFE SECURITIES, INC.

Dated:  May 9, 2008                    By:     /s/ Brendan J. Healey
                                                One of their attorneys

Steven P. Mandell
Brendan J. Healey
Natalie A. Harris
Mandell Menkes LLC
333 W. Wacker Drive, Suite 300
Chicago, Illinois  60606
312-251-1000

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that he caused to be served and filed Defendants' **Notice of Removal of a Civil Action** *electronically* with the Clerk of the Court of Illinois, Northern District, Eastern Division, 219 South Dearborn Street, Chicago, Illinois and the same being accomplished via ECF this **May 9, 2008**, on:

Vincent L. DiTommasso
Peter S. Lubin
Janice L. Morrison
DiTommaso ♦ Lubin, PC
17W 220 22nd Street – Suite 200
Oakbrook Terrace, Illinois  60181

Phillip A. Bock
Bock & Hatch, LLC
134 North LaSalle Street, Ste. 1000
Chicago, Illinois  60602


_____/s/ Brendan J. Healey_____


169737

```
08CV 2705 NF
JUDGE CASTILLO
MAGISTRATE JUDGE MASON
```

# EXHIBIT A

| 2120 – Served | 2121 – Served | |
|---|---|---|
| 2220 – Not Served | 2221 – Not Served | |
| 2320 – Served By Mail | 2321 – Served By Mail | |
| 2420 – Served By Publication | 2421 – Served By Publication | |
| SUMMONS | ALIAS - SUMMONS | CCG N001-10M-1-07-05 (          ) |

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, __CHANCERY_____ DIVISION

(Name all parties)

Goyke Health Center

v.

MetLife, Inc., and MetLife Securities, Inc.

No. '08 CH 10874

Please serve:
Donald J. Harman
Metropolitan Life Insurance Co
c/o Illinois Dept. of Insurance
100 W. Randolph St., Suite 9-301
Chicago, IL  60601-3395

SUMMONS

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☒ Richard J. Daley Center, 50 W. Washington, Room __802_____, Chicago, Illinois 60602

| District 2 - Skokie | ☐ District 3 - Rolling Meadows | ☐ District 4 - Maywood |
|---|---|---|
| 5600 Old Orchard Rd. | 2121 Euclid | 1500 Maybrook Ave. |
| Skokie, IL  60077 | Rolling Meadows, IL  60008 | Maywood, IL  60153 |
| ☐ District 5 - Bridgeview | ☐ District 6 - Markham | ☐ Child Support |
| 10220 S. 76th Ave. | 16501 S. Kedzie Pkwy. | 28 North Clark St., Room 200 |
| Bridgeview, IL  60455 | Markham, IL  60426 | Chicago, Illinois 60602 |

You must file within 30 days after service of this Summons, not counting the day of service. IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

RECEIVED
STATE OF ILLINOIS

To the officer:

APR 1 1 2008 HK

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

DEPT. OF INSURANCE
CHICAGO, ILLINOIS

| Atty. No.: 42073_____ | WITNESS,_____, ___ |
|---|---|
| Name: Phillip A. Bock of Bock & Hatch, LLC | DOROTHY BROWN  MAR 2 4 2008 |
| Atty. for: Plaintiff | |
| Address: 134 N. LaSalle St., Suite 1000 | Clerk of Court |
| City/State/Zip: Chicago, IL  60602 | Date of service:_____, _____ |
| Telephone: (312)658-5500 | (To be inserted by officer on copy left with defendant or other person) |

Service by Facsimile Transmission will be accepted at: _____

(Area Code)   (Facsimile Telephone Number)

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

08CV 2705 NF
JUDGE CASTILLO
MAGISTRATE JUDGE MASON

# EXHIBIT B

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

GOYKE HEALTH CENTER, P.C.,            )
individually and as the representative of a    )
class of similarly-situated persons.    )
                                        )
                    Plaintiff,          )
                                        )    No. 08 CH 10874
        v.                              )
                                        )
METLIFE, INC. and METLIFE               )
SECURITIES, INC.,                       )
                                        )
                    Defendants.         )

## CLASS ACTION COMPLAINT

Plaintiff, GOYKE HEALTH CENTER, P.C., ("Plaintiff"), brings this action on behalf of

itself and all other persons similarly situated, through its attorneys, and except as to those

allegations pertaining to Plaintiff or its attorneys, which allegations are based upon personal

knowledge, alleges the following upon information and belief against Defendants, METLIFE,

INC. and METLIFE SECURITIES, INC. ("Defendants"):

## PRELIMINARY STATEMENT

1.    This case challenges Defendant's practice of faxing unsolicited advertisements.

2.    The federal Telephone Consumer Protection Act, 47 USC § 227, prohibits a

person or entity from faxing or having an agent fax advertisements without the recipient's prior

express invitation or permission ("junk faxes" or "unsolicited faxes"). The TCPA provides a

private right of action and provides statutory damages of $500 per violation.

3.    Unsolicited faxes damage their recipients. A junk fax recipient loses the use of its

fax machine, paper, and ink toner. An unsolicited fax wastes the recipient's valuable time. A

junk fax interrupts the recipient's privacy. Unsolicited faxes prevent fax machines from

receiving authorized faxes, prevent their use for authorized outgoing faxes, cause undue wear and tear on the recipients' fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message.

4.     On behalf of itself and all others similarly situated, Plaintiff brings this case as a class action asserting claims against Defendants under the TCPA, the common law of conversion, and the consumer protection statutes forbidding and compensating unfair business practices.

5.     Plaintiff seeks an award of statutory damages for each violation of the TCPA.

## JURISDICTION AND VENUE

6.     Jurisdiction is conferred by 735 ILCS 5/2-209 in that Defendants have transacted business and committed tortious acts related to the matters complained of herein.

7.     Venue is proper in Cook County pursuant to 735 ILCS 5/2-101, et seq. because Defendants are not residents of Illinois.

8.     Federal jurisdiction does not exist because no federal question or claim is asserted and Plaintiff's individual claims are worth less than $75,000.00, inclusive of all forms of damages and fees.  Plaintiff expressly disclaims any individual recovery in excess of $75,000.00, inclusive of all forms of damages and fees.

## PARTIES

9.     Plaintiff is an Illinois corporation.

10.     On information and belief, Defendant, METLIFE, INC. is a foreign corporation with its principal place of business in New York City, New York, and Defendant, METLIFE SECURITIES, INC. is a foreign corporation with its principal place of business in New York City, New York.

## FACTS

11.  In 2006 and 2007, Defendants faxed advertisements to Plaintiff. True and correct copies of those facsimiles are attached hereto as Exhibit A.

12.  Plaintiff had not invited or given permission to Defendants to fax advertisements.

13.  On information and belief, Defendants faxed the same and similar advertisements to more than 39 other recipients without first receiving their recipients' express permission or invitation.

14.  There is no reasonable means for Plaintiff (or any other class member) to avoid receiving illegal faxes. Fax machines are left on and ready to receive the urgent communications their owners desire to receive.

## COUNT I
## TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227

15.  Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

16.  In accordance with 735 ILCS 5/2-801, Plaintiff brings Count I pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, on behalf of the following class of persons:

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendants, (3) with respect to whom Defendants did not have prior express permission or invitation for the sending of such faxes and (4) with whom Defendants did not have an established business relationship.

17.  A class action is warranted here because:

(a)  On information and belief, the class includes forty or more persons and is so numerous that joinder of all members is impracticable.

(b)  There are questions of fact or law common to the class predominating over

questions affecting only individual class members, including without limitation:

      (i)     Whether Defendants sent unsolicited fax advertisements;

      (ii)    Whether Defendants' facsimiles advertised the commercial availability of property, goods, or services;

      (iii)   The manner and method Defendants used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxed advertisements;

      (iv)   Whether Defendants faxed advertisements without first obtaining the recipients' express permission or invitation;

      (v)    Whether Defendants violated the provisions of 47 USC § 227;

      (vi)   Whether Plaintiff and the other class members are entitled to statutory damages;

      (vii)  Whether Defendants should be enjoined from faxing advertisements in the future; and

      (viii)  Whether the Court should award trebled damages.

18.    Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff's counsel are experienced in handling class actions and claims involving unsolicited advertising faxes. Neither Plaintiff nor Plaintiff's counsel has any interests adverse or in conflict with the absent class members.

19.    A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of each individual class member in controlling the prosecution of separate claims is small and individual actions are not economically feasible.

20.    The TCPA prohibits the "use of any telephone facsimile machine, computer or

other device to send an unsolicited advertisement to a telephone facsimile machine....." 47

U.S.C. § 227(b)(1).

21.    The TCPA defines "unsolicited advertisement," as "any material advertising the

commercial availability or quality of any property, goods, or services which is transmitted to any

person without that person's express invitation or permission." 47 U.S.C. § 227(a)(4).

22.    The TCPA provides:

> 3.    Private right of action. A person may, if otherwise
> permitted by the laws or rules of court of a state, bring in an
> appropriate court of that state:
>
>> (A)    An action based on a violation of this
>> subsection or the regulations prescribed under this
>> subsection to enjoin such violation,
>>
>> (B)    An action to recover for actual monetary
>> loss from such a violation, or to receive $500 in damages
>> for each such violation, whichever is greater, or
>>
>> (C)    Both such actions.

23.    The Court, in its discretion, can treble the statutory damages if the violation was

knowing. 47 U.S.C. § 227.

24.    Defendants violated the 47 U.S.C. § 227 et seq. by sending advertising faxes

(such as Exhibit A) to Plaintiff and the other members of the class without first obtaining their

prior express invitation or permission.

25.    The TCPA is a strict liability statute and Defendants are liable to Plaintiff and the

other class members even if their actions were only negligent.

26.    Defendants knew or should have known that Plaintiff and the other class members

had not given express invitation or permission for Defendants or anybody else to fax

advertisements about Defendants' goods or services and that no established business relationship

existed with Plaintiff and the other members of the class.

27.    Defendants' actions caused damages to Plaintiff and the other class members. Receiving Defendants' junk faxes caused the recipients to lose paper and toner consumed in the printing of Defendants' faxes.  Moreover, Defendants' faxes used Plaintiff's fax machine. Defendants' faxes cost Plaintiff time, as Plaintiff and its employees wasted their time receiving, reviewing and routing Defendants' illegal faxes.  That time otherwise would have been spent on Plaintiff's business activities.  Finally, Defendants' faxes unlawfully interrupted Plaintiff's and the other class members' privacy interests in being left alone.

28.    Even if Defendants did not intend to cause damage to Plaintiff and the other class members, did not intend to violate their privacy, and did not intend to waste the recipients' valuable time with Defendants' advertisements, those facts are irrelevant because the TCPA is a strict liability statute.

WHEREFORE, Plaintiff, GOYKE HEALTH CENTER, P.C, individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendants, METLIFE, INC. and METLIFE SECURITIES, INC., as follows:

A.    That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff's counsel as counsel for the class;

B.    That the Court award $500.00 in damages for each violation of the TCPA;

C.    That the Court enter an injunction prohibiting Defendants from engaging in the statutory violations at issue in this action; and

D.    That the Court award costs and such further relief as the Court may deem just and proper, but in any event, not more than $75,000.00 per individual, inclusive of all damages and

fees.

## COUNT II
## CONVERSION

29. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

30. In accordance with 735 ILCS 5/2-801, Plaintiff brings Count II for conversion under the common law for the following class of persons:

> All persons (1) who on or after a date five years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods or services by or on behalf of Defendants, (3) with respect to whom Defendants did not have prior express permission or invitation for the sending of such faxes and (4) with whom Defendants did not have an established business relationship.

31. A class action is proper in that:

(a) On information and belief the class consists of forty or more persons and is so numerous that joinder of all members is impracticable.

(b) There are questions of fact or law common to the class predominating over all questions affecting only individual class members, including:

(i) Whether Defendants engaged in a pattern of sending unsolicited fax advertisements;

(ii) The manner and method Defendants used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxed advertisements; and

(iii) Whether Defendants committed the tort of conversion.

32. Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff has retained counsel who is experienced in handling class actions and claims involving unlawful business practices. Neither Plaintiff nor Plaintiff's counsel have any interests

adverse or in conflict with the class.

33.    A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of the individual class members in individually controlling the prosecution of separate claims is small and individual actions are not economically feasible.

34.    By sending Plaintiff and the other class members unsolicited faxes, Defendants improperly and unlawfully converted their fax machines, toner and paper to its own use. Defendants also converted Plaintiff's employees' time to Defendants' own use.

35.    Immediately prior to the sending of the unsolicited faxes, Plaintiff, and the other class members owned an unqualified and immediate right to possession of their fax machines, paper, toner, and employee time.

36.    By sending the unsolicited faxes, Defendants permanently misappropriated the class members' fax machines, toner, paper, and employee time to Defendants' own use. Such misappropriation was wrongful and without authorization.

37.    Defendants knew or should have known that its misappropriation of paper, toner, and employee time was wrongful and without authorization.

38.    Plaintiff and the other class members were deprived of the use of the fax machines, paper, toner, and employee time, which could no longer be used for any other purpose. Plaintiff and each class member thereby suffered damages as a result of their receipt of unsolicited fax advertisements from Defendants.

39.    Each of Defendants' unsolicited fax advertisements misappropriated Plaintiff's employees' time because persons employed by Plaintiff were involved in receiving, routing, and reviewing Defendants' illegal faxes. Defendants knew or should have known employees' time is valuable to Plaintiff.

40.    Defendants' actions caused damages to Plaintiff and the other members of the class because their receipt of Defendants' unsolicited fax advertisements caused them to lose paper and toner as a result. Defendants' actions prevented Plaintiff's fax machines from being used for Plaintiff's business purposes during the time Defendants was using Plaintiff's fax machines for Defendants' illegal purpose. Defendants' actions also cost Plaintiff employee time, as Plaintiff's employees used their time receiving, routing, and reviewing Defendants' illegal faxes, and that time otherwise would have been spent on Plaintiff's business activities.

WHEREFORE, Plaintiff, GOYKE HEALTH CENTER, P.C, individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendants, METLIFE, INC. and METLIFE SECURITIES, INC., as follows:

A.    That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff' counsel as counsel for the class;

B.    That the Court award appropriate damages;

C.    That the Court award costs of suit; and

D.    Awarding such further relief as the Court may deem just and proper, but in any event, not more than $75,000.00 to any individual class member.

## COUNT III
## ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT
### 815 ILCS 505/2

41.    Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

42.    In accordance with 735 ILCS 5/2-801, Plaintiff, on behalf of the following class of persons, bring Count III for Defendants' unfair practice of sending unsolicited and unlawful fax advertisements:

All persons in Illinois who (1) on or after a date three years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendants, (3) with respect to whom Defendants did not have prior express permission or invitation for the sending of such faxes and (4) with whom Defendants did not have an established business relationship.

43.　A class action is proper in that:

(a)　On information and belief the class consists of thousands of persons in Illinois and throughout the United States and is so numerous that joinder of all members is impracticable.

(b)　There are questions of fact or law common to the class predominating over all questions affecting only individual class members including:

(i)　Whether Defendants engaged in a pattern of sending unsolicited fax advertisements;

(ii)　The manner and method Defendants used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxed advertisements;

(iii)　Whether Defendants' practice of sending unsolicited faxed advertisements violates Illinois public policy;

(iv)　Whether Defendants' practice of sending unsolicited faxes is an unfair practice under the Consumer Fraud Act; and

(v)　Whether Defendants should be enjoined from sending unsolicited fax advertising in the future.

44.　Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff has retained counsel who are experienced in handling class actions and

claims involving lawful business practices. Neither Plaintiff nor Plaintiff's counsel have any interests adverse or in conflict with the class.

45.    A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of the individual class members in individually controlling the prosecution of separate claims is small and individual actions are not economically feasible.

46.    Defendants' unsolicited fax practice is an unfair practice, because it violates public policy, and because it forced Plaintiff and the other class members to incur expense without any consideration in return. Defendants' practice effectively forced Plaintiff and the other class members to pay for Defendants' advertising campaign.

47.    Defendants violated the unfairness predicate of the Act by engaging in an unscrupulous business practice and by violating Illinois statutory public policy, which public policy violations in the aggregate caused substantial injury to hundreds of persons.

48.    Defendants' misconduct caused damages to Plaintiff and the other members of the class, including the loss of paper, toner, ink, use of their facsimile machines, and use of their employees' time.

49.    Defendants' actions caused damages to Plaintiff and the other class members because their receipt of Defendants' unsolicited fax advertisements caused them to lose paper and toner consumed as a result. Defendants' actions prevented Plaintiff's fax machine from being used for Plaintiff's business purposes during the time Defendants was using Plaintiff's fax machine for Defendants' illegal purpose. Defendants' actions also cost Plaintiff employee time, as Plaintiff's employees used their time receiving, routing, and reviewing Defendants' illegal faxes and that time otherwise would have been spent on Plaintiff's business activities.

WHEREFORE, Plaintiff, GOYKE HEALTH CENTER, P.C, individually and on behalf

of all others similarly situated, demands judgment in its favor and against Defendants,

METLIFE, INC. and METLIFE SECURITIES, INC., as follows:

A.    That the Court adjudge and decree that the present case may be properly

maintained as a class action, appoint Plaintiff as the class representative, and appoint Plaintiff's

counsel as counsel for the class;

B.    That the Court award damages to Plaintiff and the other class members;

C.    That the Court award attorney fees and costs;

D.    That the Court enter an injunction prohibiting Defendants from sending

unsolicited faxed advertisements to Illinois consumers; and

E.    Awarding such further relief as the Court may deem just and proper, but in any

event, not more than $75,000.00 to any individual member.

> GOYKE HEALTH CENTER, P.C, individually and
> as the representative of a class of similarly-situated
> persons
>
> By:    _____
>          One of Plaintiff's Attorneys

Vincent L. DiTommaso
Peter S. Lubin
Janice L. Morrison
DiTOMMASO ♦ LUBIN, PC (35673)
17W 220 22nd Street - Suite 200
Oakbrook Terrace, Illinois 60181
(630) 333-0333

Phillip A. Bock
Bock & Hatch, LLC (42073)
134 N. LaSalle Street, Suite 1000
Chicago, IL 60602
(312) 658-5500

# MetLife®

## ENTERPRISE EXECUTIVE ADVANTAGE (EEA) VARIABLE UNIVERSAL LIFE FOR THE EXECUTIVE BENEFIT MARKET

**WHY SHOULD YOU FUND YOUR EXECUTIVE BENEFIT PLAN WITH EEA?**
ENTERPRISE EXECUTIVE ADVANTAGE (EEA) FEATURES:

- ➤ NO PRESET MAXIMUM CONTRIBUTIONS*
- ➤ NO SURRENDER CHARGES, EVER!
- ➤ NO EARLY WITHDRAWAL PENALTIES
- ➤ NO MANDATORY ENROLLMENT RULES
  (REWARD YOURSELF FIRST!)
- ➤ TAX-DEFERRED GROWTH OF POTENTIAL EARNINGS
- ➤ SAME AS FORTUNE 1000 COMPANIES USE TO FINANCE THEIR NON-QUALIFIED PLANS

If you're like most business owners and executives, ERISA rules restrict you from investing a sufficient percentage of your higher compensation into a qualified plan to continue your current standard of living into retirement. Call me today to find out why more and more professionals are turning to EEA to fund their retirement.

**REWARD YOURSELF FIRST!**
Financial Planner
Integrated Financial Concepts
An Office of MetLife
2340 River Road #104
Des Plaines, IL 60018
Office: 847-297-7940 xt 33
Cell: 815-757-1169
jmaazka@metlife.com

L0510FKPK(exp1206)(IL)MLIC-LD

# MetLife®

## HOW I HELP PROFESSIONALS

- GROUP BENEFITS: MEDICAL, DENTAL, DISABILITY, LONG-TERM CARE & LIFE INSURANCE
- RETIREMENT PLANS: 401K, SEP, IRA, etc,
- KEY PERSON INDEMNIFICATION
- BUY-SELL FUNDING
- SPLIT-DOLLAR INSURANCE
- DISABILITY INCOME
- DISABILITY BUY-OUT
- TAX DEDUCTIBLE RETIREMENT PLANNING
- PERSONAL ESTATE PLANNING WITH CORPORATE DOLLARS
- SALARY CONTINUATION
- BUSINESS DEBT LIQUIDATION
- PERSONAL LIFE INSURANCE
- BUSINESS MORTGAGE INSURANCE
- IRC SECTION 162 BONUS
- BUSINESS OVERHEAD EXPENSE INSURANCE

## *WHAT CAN I DO FOR YOU?*

John Maszka
Financial Planner
Integrated Financial Concepts
An Office of MetLife
2340 River Road #104
Des Plaines, IL 60018
Office: 847-297-7940 xt 33
Cell: 815-757-1169
jmaszka@metlife.com

L0404FBR5(exp1207)(AL)MLIC-LD

Life insurance and annuities offered by Metropolitan Life Insurance Company, New York, NY 10166.
Investment Advisory Services and securities offered by MetLife Securities, Inc . New York, NY 10166 Member NASD, SPIC.